```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JOYCE COOPER,                    :    NO.  1:10-CV-00188
                                 :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    **ORDER AND OPINION**
                                 :
STRYKER CORP., et al.,           :
                                 :
     Defendants.                 :

This matter is before the Court on Defendants' Motion to Dismiss (doc. 5), Plaintiff's Memorandum in Opposition or, in the alternative, Motion for Leave to Amend Complaint (doc. 9), and Defendants' Reply in Support of its Motion (doc. 10).  For the reasons indicated herein, the Court GRANTS Plaintiff's Motion (doc. 9) and denies as moot Defendants' Motion (doc. 5).

This is a product liability case, with Plaintiff alleging that she suffered damages as a result of a defective replacement hip she received, which was manufactured by Defendants (doc. 2). Plaintiff filed her complaint in state court, and Defendants removed to this Court (doc. 1).  Defendants then moved for dismissal of the complaint in its entirety, contending that Plaintiff's common law claims are abrogated by Ohio statute and that she fails to plead sufficient facts to support her statutory claims (doc. 5, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)).  Specifically,

1

Defendants read Plaintiff's complaint as merely containing recitations of the elements of the causes of action and conclusory statements, not facts as both Twombly and Iqbal require (Id.). Plaintiff contends that she has set forth facts sufficient to meet the Iqbal plausibility requirement because she avers in her complaint that one of Defendants' hip joint systems was implanted in her, it failed, and she suffered multiple dislocations, which required closed reductions and a revision surgery (doc. 9). Defendants contend that none of these allegations goes to causation, a necessary element of Plaintiff's claims, and that she has set forth only conclusory statements regarding causation, which the Court need not accept as true (doc. 10). Defendants characterize Plaintiff's complaint as merely an assertion that her hip replacement failed and that it was therefore defective and note that "[t]here are lots of reasons a medical device can fail or dislocations may have occurred–from doctor error to something [Plaintiff] did" (Id.).

    The Court has reviewed the complaint in this case, as well as the pending motions, and finds that Plaintiff did not set forth sufficient facts in her original complaint from which the Court may plausibly draw the inference that Defendants' product was defective. The Court notes, however, that Defendants' assertion that Plaintiff's hip replacement could have failed for multiple reasons is not relevant at a motion to dismiss stage. See Foust v.

2

Stryker Corp., 2010 WL 2572179 (S.D. Ohio 2010)(noting the same regarding identical statement by defendant in similar product defect case). Instead, to rectify the deficiencies in her complaint, Plaintiff need only aver additional facts regarding causation and need not overcome Defendants' multiple-reasons defense at this stage. For example, plaintiffs who have successfully overcome motions to dismiss in similar cases have alleged that the hip joint system split in two, as in Foust, or that the system was voluntarily recalled, as in Redinger v. Stryker Corp., 2010 WL 1995829 (N.D. Ohio 2010)(noting that Defendants' assertion that the voluntary recall was for other reasons was irrelevant at the motion to dismiss stage).

Rather than dismiss the complaint, however, the Court finds that Plaintiff's motion to amend is well taken. Federal Rule of Civil Procedure 15(a) provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689

3

F.2d 637, 639-40 (6th Cir. 1982)).

Defendants argue that allowing Plaintiff to amend her complaint would be futile because she does not indicate in her complaint or in her response to Defendants' motion what facts she could add that would support her claims (doc. 10). Defendants contend that she has failed to support her request and that it should therefore be denied (Id.). The Court is unpersuaded by these arguments. As noted above, slightly more detailed factual allegations will be sufficient to withstand a motion to dismiss, and Plaintiff should be given an opportunity to make those allegations if they can properly be made. The Court believes that permitting Plaintiff to amend her complaint is preferable to dismissal here especially given the lack of guidance available to plaintiffs attempting to navigate the post-Twombly/Iqbal waters. The Court finds no evidence of bad faith here and further finds that allowing Plaintiff to amend the complaint will not cause undue delay, be futile or unfairly prejudice Defendants. Therefore, the Court GRANTS Plaintiff's Motion for Leave to Amend Complaint (doc. 9).

Permitting Plaintiff to amend her complaint to more fully articulate her factual allegations renders Defendants' motion to dismiss moot. Therefore, the Court DENIES the motion as moot, but GRANTS leave to Defendants to re-file any such motions attacking Plaintiff's amended complaint.

In addition, the Court notes that after Defendants filed their answer, Plaintiff filed a notice of voluntary dismissal, purporting to dismiss Plaintiff's common law claims (doc. 8). Defendants correctly note that Federal Rule of Civil Procedure 41 allows for voluntary dismissal without prejudice either before the opposing party serves an answer or motion for summary judgment or upon a stipulation of dismissal signed by all parties. Otherwise, the rule requires that a plaintiff secure a court order. Fed. R. Civ. P. 41. Here, Plaintiff filed her notice of voluntary dismissal after Defendants filed their answer. Pursuant to Rule 41, then, Plaintiff should have filed a motion with the Court seeking leave to voluntarily dismiss her common law claims. Plaintiff did not file such a motion, nor did she contest Defendants' motion to dismiss those claims. However, given that the Court has granted Plaintiff's motion to file an amended complaint, her attempt to voluntarily dismiss those claims is moot, as she can simply remove them from her amended complaint.

SO ORDERED.

Dated: December 8, 2010        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge